IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD E. CARMONY,

        Petitioner,                            No. CIV S-10-3381 GGH P

    vs.

STEPHEN MAYBERG, Director of D.M.H.,

        Respondent.                      ORDER

_____/

        Petitioner has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee. See 28 U.S.C. §§ 1914(a); 1915(a). Because, upon the court's review, it does not appear that petitioner may proceed by way of 28 U.S.C. § 2241, 28 U.S.C. § 2254 or 42 U.S.C. § 1983 on the present filing, the court cannot determine whether petitioner will be required to pay the $5.00 filing fee for a habeas petition or the $350.00 filing fee for a civil rights action, should he proceed in this matter. Petitioner will, nevertheless, be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

        It is unclear what relief petitioner is seeking by way of his petition, wherein he raises challenges "pre-trial" to his involuntary civil commitment under the Sexually Violent

\\\\

1

Predator (SVP) Act,[1] contending that; 1) he is deprived of due process by being detained following the expiration of his last court ordered SVP commitment prior to a final determination of [a subsequent] SVP petition; 2) that his equal protection rights are violated by the SVP Act because those committed under the SVP Act are treated significantly less favorably than others similarly situated committed under other statutes; 3) that the clinical evaluators' handbook and standardized assessment protocol constitutes an "underground" regulation which invalidates the commitment process and the trial court proceeding is void for lack of due process; 4) that the trial court has no jurisdiction over petitioner because the CDMH[2] did not act in compliance with the statute's requirements for commitment proceedings.  Petition, pp. 4- 5.  Although as to some claims he appears to be challenging a past commitment proceeding, petitioner maintains that no adjudication has yet been rendered.   Nowhere does petitioner set forth the form of relief that he is seeking.  The petition will be dismissed but petitioner will be granted leave to amend, as petitioner or plaintiff.

To the extent petitioner seeks to challenge a prior state court adjudication, he must proceed by way of an application pursuant to 28 U.S.C. § 2254.  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)[.]"  Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).  However, "requests for relief turning on circumstances of confinement may be presented in a § 1983 action."  Id.

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973).  Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983.  Ibid. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement,

---

[1] Cal. Welf. & Inst. Code §§ 6600 et seq.

[2] California Department of Mental Health.

> whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827.

Nelson v. Campbell, 541U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004).

Plainly, if petitioner seeks to challenge the constitutionality of a prior civil commitment pursuant to the SVP Act, he must proceed by way of a petition pursuant to 28 U.S.C. § 2254. See, e.g., Carty v. Nelson, 426 F.3d 1064, 1066 (9th Cir. 2005), cert. denied, 547 U.S. 1130, 126 S. Ct. 2037 (2006); see also, Felix v. Hennessey, 2010 WL 3199172 (N.D. Cal. 2010). The Supreme Court has clarified and reaffirmed, however, that where a party challenges as unconstitutional a state procedure, or an omission to perform such a procedure, "§ 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner [emphasis in original]." Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1247 (2005). In Wilkinson, success for one of the inmate plaintiffs meant "at most [a] new eligibility review, which at most will speed *consideration* of a new parole application"; success for the other plaintiff meant "at most, a new parole hearing at which ...parole authorities may, in their discretion, decline to shorten his prison term." Id., 125 S. Ct. at 1248 [emphasis in original]. However, as noted, the court is unable to determine in this filing what relief petitioner, either as petitioner or plaintiff, seeks.

Presumably, it is on the basis that his current custodial status is not pursuant to a state court judgment that petitioner seeks to proceed by way of 28 U.S.C. § 2241. See, e.g., Jones v. McClain, 2008 WL 538672 * 2 (C.D. Cal. 2008) ("[p]retrial petitions are properly brought under § 2241," referencing a petitioner's pretrial habeas challenge to SVP proceedings[3]; Mouzon

---

[3] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). The undersigned takes judicial notice that the Amended Report and Recommendation cited above was adopted by Order filed on February 22, 2008 in Case No. CV-07-06212 PA (VBK). A certificate of appealability was denied in the dismissal of the § 2241 petition (Case No. CV-07-06212 PA (VBK)) and the Ninth Circuit

v. McLain, 2007 WL 4219432 *1 n. 1 (N.D. Cal. 2007)(petitioner awaiting civil proceedings pursuant to SVP Act makes clear he is proceeding pursuant to 28 U.S.C. § 2241(c)(3)[4]). If petitioner does seek to challenge only an as-yet unadjudicated state court matter, however, petitioner is cautioned that: "[t]he Younger abstention doctrine forbids federal courts from enjoining pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. See Younger v. Harris, 401 U.S. 37, 53-54 [, 91 S. Ct. 746] (1971)." Orozco v. Kramer, 2008 WL 6089860 *2 (C.D. Cal. 2008). "Although Younger abstention was first articulated in regards to state criminal proceedings, the Supreme Court has made clear that Younger abstention is "fully applicable to civil proceedings in which important state interests are involved." Orozco v. Kramer, 2008 WL 6089860 at *3, quoting Moore v. Sims, 4[4]2 U.S. 415, 423, 99 S. Ct. 2371 (1979). The petition will be dismissed with leave for petitioner to amend setting forth his claims by way of the appropriate vehicle (28 U.S.C. § 2241, 28 U.S.C. § 2254 or 42 U.S.C. § 1983), and, at a minimum, making clear what form of relief he is seeking.

        Accordingly, IT IS ORDERED that:

        1. The petition is dismissed with leave to amend within twenty-eight days from the date of this order;

        2. Should petitioner seek to proceed by way of an amended habeas filing or a civil rights action, petitioner shall submit, as either petitioner or plaintiff, within twenty-eight days, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

        3. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district; and

\\\\

\\\\

---

ordered the case closed on March 9, 2009.

   [4] 28 U.S.C. 2241(c)(3) permits the court's habeas corpus jurisdiction over a prisoner "in custody in violation of the Constitution or laws or treaties of the United States[.]"

4

4. Petitioner's failure to comply with any portion of this order will result in dismissal of this action.

DATED: January 10, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
carm3381.ord